CHIASSON, Judge.
Plaintiff-appellee, Frank Moise, Jr., has been the deputy judicial administrator for the Louisiana Supreme Court since August 1,1968. He was a member of the Louisiana State Employees’ Retirement System from August 1, 1968 through October of 1976. The 1976 Session of the Legislature passed Act 518 creating a Retirement Plan for Judges and Officers of the Court, La.R.S. 13:11 through 13:26. La.R.S. 13:13 lists those judges and court officers eligible to become members of the retirement plan provided by La.R.S. 13:11 through 13:26. Plaintiff-appellee’s position is listed in La. R.S. 13:13(2).
Paragraph A of La.R.S. 13:14 provides: “A. Each judge and court officer described in R.S. 13:13 who is in office on the effective date of this Part is hereby granted the option to become a member of the Louisiana State Employees’ Retirement System for a period of one hundred twenty days from said date by electing to avail himself within said time of all the benefits, emoluments, and conditions of said system as presently provided by R.S. 42:541 through R.S. 42:699, and of all benefits, emoluments, and conditions otherwise applicable to said system by the statutory laws of Louisiana, including the provisions of this Part.”
Plaintiff-appellee validly exercised the option described in this statute.
On January 20, 1978, plaintiff-appellee filed a petition for declaratory judgment making the Louisiana State Employees’ Retirement System defendant. Plaintiff-appellee contended that he could retire upon satisfying the eligibility requirements of La.R.S. 42:571 and have the survival benefits specified in La.R.S. 13:20. The declaratory judgment was sought to determine the rights, status and other legal relations existing between the parties since the Louisiana State Employees’ Retirement System had evidenced a contrary position.[1]
The Louisiana State Employees’ Retirement System in La.R.S. 42:571(A)(3) provides that a member may be eligible for retirement if he has “Ten years or more of service, at age sixty or thereafter, if he earns retirement eligibility while in state service.” Plaintiff-appellee is more than sixty years of age and on August 1, 1978 had served ten years as the deputy judicial administrator of the Louisiana Supreme Court, and he is thus eligible under La.R.S. 42:571(A)(3) to retire.
La.R.S. 13:16 provides the eligibility requirements for retirement under the Retirement Plan for Judges and Officers of the Court as follows:
“A. (1) Any person covered by this Part who elects to become a member of the Louisiana State Employees’ Retirement System and who prior to application for service retirement has accumulated a total of at least eighteen years of creditable service as a judge or court officer shall be entitled to retire without regard to the age he has attained at the time he makes application for retirement.
“(2) Upon attaining a total of twenty years of creditable service, at least twelve years of which were as a judge or court officer, any such person shall be entitled to retire if he has attained the age of fifty years.
“(3) Upon attaining a total of at least twelve years of creditable service as a judge or. court officer, any such person shall be entitled to retire when he attains the age of fifty-five years.
“(4) Upon attaining the age of seventy years any such person shall be entitled to retire hereunder without regard to the number of years of creditable service as a judge or court officer.”
Therefore, as of August 1, 1978, plaintiff would not meet the eligibility requirements for retirement as provided in this statute.
*1056 La.R.S. 13:20 deals with survivor benefits. At the time this declaratory judgment was sought this section provided:
“Benefits for the surviving spouse, minor children, and handicapped or mentally retarded children of any deceased person enumerated in R.S. 13:13 who has elected to become a member of the Louisiana State Employees’ Retirement System shall be paid in accordance with the provisions of law applicable to survivors of members of the system; however, the benefits paid to any such surviving spouse shall not be less than one-third of the salary or compensation which was being paid to the deceased person at the time of death or retirement or an amount equal to one-half of the retirement pay which such person was entitled to receive or was receiving prior to his death, whichever is the greater. In addition, the minimum benefit for a surviving spouse shall be paid without regard to the number of years of creditable service accumulated in the system by the decedent.” (Emphasis supplied)
Two other provisions of the Retirement Plan for Judges and Officers of the Court are critical to a determination of the question presented. First, La.R.S. 13:24 provides for the rights of persons covered by this part:
“Any person covered by this Part who elects to become a member of the Louisiana State Employees’ Retirement System shall be immediately vested with all the benefits, emoluments, and conditions of the system and also with the additional benefits provided by this Part.” (Emphasis supplied)
Appellee argued that under La.R.S. 13:24 upon exercising the option granted to him in La.R.S. 13:14(A), he became immediately vested with all the benefits, emoluments, and conditions of both the Louisiana State Employees’ Retirement System and the additional benefits of the Retirement Plan for Judges and Court Officers. Appellant argued that under the same provisions that appellee can retire under one system or the other but he receives only those benefits from the system under which he retires. Thus, appellant argues if appellee retires under the authority of La.R.S. 42:571, he can only receive the survivor benefits provided for in Chapter 10, Title 42 of the Louisiana Revised Statutes.
Second, La.R.S. 13:26 deals with the applicability of laws governing Louisiana State Employees’ Retirement System, and provides:
“Except as otherwise provided in this Part the provisions of Chapter 10 of Title[1] 42 of the Louisiana Revised Statutes of 1950 shall be applicable to persons covered by this Part.”
Appellant contended that La.R.S. 13:26 states that La.R.S. 42:541 et seq. applies except where La.R.S. 13:11-26 applies. Ap-pellee argued that the provisions of La.R.S. 42:541 et seq. are applicable only in those instances where La.R.S. 13:14-26 are silent.
The trial court found that the appellee was an eligible person under La.R.S. 13:13 who validly exercised his option as provided in La.R.S. 13:14; that under La.R.S. 13:24 appellee is given the benefits, emoluments, and conditions of the Louisiana State Employees’ Retirement System and the additional benefits of the Retirement Plan for Judges and Officers of the Court; and therefore appellee may retire by meeting the eligibility requirements of La.R.S. 42:571 and in so doing may receive the survivor benefits as provided in La.R.S. 13:20 if he so chooses. Appellant took a suspensive appeal from this judgment.
The judgment was signed on June 22, 1978. After the signing of the judgment the Legislature by Act 533[2] amended La. R.S. 13:20. Act 533 became effective on September 8, 1978, sixty days after the final adjournment of the session in which it was enacted. It provides in pertinent part:
“A. Benefits for the surviving spouse, minor children, and handicapped or mentally retarded children of any deceased person enumerated in R.S. 13:13 who has elected to become a member of the Loui *1057 siana State Employees’ Retirement System shall be paid in accordance with the provisions of law applicable to survivors of members of the system; however, the benefits paid to any such surviving spouse shall not be less than one-third of the salary or compensation which was being paid to the deceased person at the time of death or retirement or an amount equal to one-half of the retirement pay which such person was entitled to receive or was receiving prior to his death, whichever is the greater. In addition, the minimum benefit for a surviving spouse shall be paid without regard to the number of years of creditable service accumulated in the system by the decedent.
“B. Notwithstanding any other provision of law to the contrary, the provisions of this Section shall be applicable only to survivors of members actively serving in those positions provided for in R.S. 13:13 and survivors of those who have retired pursuant to R.S. 13:16. These provisions shall not apply to survivors of members who retire pursuant to R.S. 42:571 and R.S. 24:36C.” (Emphasis supplied)
Section B of La.R.S. 13:20 (as amended, 1978) clearly states that its provisions do not apply to survivors of members who retire pursuant to La.R.S. 42:571. Since this entire litigation revolves around whether or not plaintiff-appellee can retire pursuant to La.R.S. 42:571 and receive the benefits of La.R.S. 13:20, we must answer the question of whether Act 533 affects the rights of the parties to this litigation.
The litigants have stipulated to this court that plaintiff-appellee would be eligible under La.R.S. 42:571 to retire on August 1, 1978; that he did not retire on that date and has not yet retired. Additionally, when the trial court rendered judgment it did not have the amendment to La.R.S. 13:20 before him to consider since it was not yet law.
Therefore, we will first dispose of the issue of whether Act 533 of 1978 affects the plaintiff-appellee’s rights. The question is resolved by answering whether plaintiff-ap-pellee’s rights would be divested by this new law.
The 1974 Louisiana Constitution in Article 10 § 29(B) provides in part:
“. . . Membership in any retirement system of the state or of a political subdivision thereof shall be a contractual relationship between employee and employer, and the state shall guarantee benefits payable to a member of a state retirement system or retiree or to his lawful beneficiary upon his death.”
Under this provision once retirement rights vest, they are contractual obligations that cannot be divested by virtue of the Louisiana Constitution of 1974, Art. 1 § 23 which states in part that no law impairing the obligation of contracts shall be enacted. Professor Hargrave in an excellent law review article [3] stated:
“The traditional prohibition against ex post facto laws and laws impairing the obligation of contracts stems from Article IV, § 15 of the 1921 Constitution and from Article I, § 9 and 10 of the United States Constitution. The existing jurisprudence under those provisions is continued . . .” (pg. 66)
In examining the prior jurisprudence we find that three separate classifications are made with regard to participants of actuarially funded retirement systems: (1) those eligible to retire and who actually retire; (2) those eligible to retire but who choose not to actually retire; and (3) those not yet eligible to retire. In the instant case plaintiff-appellee is now eligible to retire under La.R.S. 42:571 but has not actually retired. We note that there is a split of authority concerning the vesting of rights of those who, like the plaintiff-appellee, are eligible to retire but do not retire. This line of jurisprudence, while providing guidance to us is not controlling in the instant case because La.R.S. 13:24 specifically provides “vesting” language which we repeat here for emphasis:
*1058 “Any person covered by this Part who elects to become a member of the Louisiana State Employees’ Retirement System shall be immediately vested with all the benefits, emoluments, and conditions of the system and also with the additional benefits provided by this Part.” (Emphasis supplied)
While on the contrary, La.R.S. 42:543(33) provides:
“ ‘Vested right’ means when a member obtains retirement eligibility as to age and service in accordance with this Chapter.”
We find that plaintiff-appellee is a person covered under La.R.S. 13:11-26, specifically La.R.S. 13:13(2); that he elected to become a member of the Louisiana State Employees’ Retirement System as provided by La. R.S. 13:14; and that he was- upon that election immediately vested with all the benefits, emoluments, and conditions of that system and also with the additional benefits provided by the Retirement Plan for Judges and Officers of the Court.
We find the language of La.R.S. 13:24 to be clear, specific, and free from ambiguity. The vesting of rights provisions in La.R.S. 42:543(33) do not apply to him because the language in La.R.S. 13:24 precludes its application in this instance.
Therefore, the 1978 amendment to La. R.S. 13:20 cannot affect this plaintiff-appel-lee because before this new law went into effect the plaintiff-appellee, by exercising his option under La.R.S. 13:14, was already vested with certain rights that could not be withdrawn by subsequent legislation.
What are the rights plaintiff-appellee was vested with? The appellee brought a declaratory judgment action to answer this question. In La.R.S. 13:24 and in La.R.S. 13:14 the language clearly states what rights a person covered by La.R.S. 13:11-26 receives. They receive the benefits, em'-.L-ments, and conditions of Title 42 and the benefits, emoluments and conditions of the Retirement Plan for Judges and Officers of the Court. The use of the conjunctive “and” indicates that it was the express intention of the Legislature in creating the Retirement Plan for Judges and Officers of the Court to allow those persons eligible under La.R.S. 13:13 and who elect to join the Louisiana State Employees’ Retirement System to receive the maximum in benefits.
Effectively this means that a person, such as plaintiff-appellee, can retire under La. R.S. 42:571 and receive the benefits of La. R.S. 13:20. The reverse is also true; a person covered by the Retirement Plan for Judges and Officers of the Court could retire under La.R.S. 13:16 and he or his survivors can receive benefits as provided in Title 42, if they are more advantageous than those otherwise afforded. The best combination of both systems, the Louisiana State Employees’ Retirement System and the Retirement Plan for Judges and Officers of the Court, is available to plaintiff-appellee. We find that by the enactment of the Retirement Plan for Judges and Officers of the Court, the legislature provided for a combination of retirement eligibility requirements and a combination of retirement benefits.
Defendant-appellant argued that La.R.S. 13:26 requires that La.R.S. 42:541 et seq. applies except where La.R.S. 13:11-26 applies, and therefore La.R.S. 13:26 precludes the interpretation we have given to La.R.S. 13:24. We disagree.
The language of La.R.S. 13:26 is clear and “Except as otherwise provided in this Part” means just that. La.R.S. 13:24 has otherwise provided as we have stated above. We believe the plain meaning of La.R.S. 13:26, when read with the other provisions of La.R.S. 13:11-26, is that where the Retirement Plan for Judges and Officers of the Court is silent then the provisions of Title 42, Chapter 10 of the Louisiana Revised Statutes will apply.
For these reasons we affirm the trial court at appellant’s costs. Segura v. Louisiana Architects Selection Bd., 362 So.2d 498 (La.1978).
AFFIRMED.

. By letter dated October 11, 1977, Vernon L. Strickland, Executive Director of the Louisiana State Employees’ Retirement System, advised the Honorable William M. Dawkins that if he retired under the eligibility provisions of 42:571, his survival benefits are controlled exclusively by R.S. 42:577.

. 1978, La.Acts, 533, amending La.R.S. 13:19 and 13:20.

. Hargrave, L., The Declaration of Rights of the Louisiana Constitution of 1974, 35 L.L.Rev. 1, (1974).