LOTTINGER, Judge.
This is an appeal by the defendants, the Louisiana State Employees’ Retirement System and the Trustees charged with administration thereof, from a judgment of the trial court declaring that plaintiffs, several judges of courts of record, are correct in their interpretation of the Retirement Plan for Judges and Officers of the Court, and more specifically, Act 769 of 1982. (See Appendix for full text of Act 769.)
The trial judge disposed of this issue in excellent reasons for judgment which we adopt as our own.
“This is a suit for declaratory judgment filed by several judges of courts of record[1] against the Louisiana State Employees’ Retirement System and the Trustees charged with the administration thereof. It involves the Retirement Plan for Judges and Officers of the Court (R.S. 13:11 et seq.) but more specifically, Act 769 of 1982.
“The parties stipulated that this matter was to be decided on the basis of the pleadings, stipulations and briefs filed by them. The sole issue to be decided in this litigation is one of law — the proper interpretation and effect of the provisions of Act 769 of 1982. The basic purpose of Act 769, as set forth in its title, was to enact uniform requirements with reference to credit for military service and to the purchase thereof. The pertinent provisions of the Act are presently found in R.S. 42:697.11, under the Part entitled ‘Provisions Affecting More Than One Retirement System,’ and are applicable to the fourteen public retirement systems enumerated therein. Plaintiffs in this proceeding are members of the Louisiana State Employees’ Retirement System— one of the fourteen systems so enumerated. They each meet the requirements of Act 769 for purchasing military service credit under Act 769 and have asked for a declaratory judgment concerning the proper interpretation of Act 769 with regard to these three specific questions:
1. What is the employee contribution rate that a person enumerated in R.S. 13:13 must pay in order to obtain credit for military service?
*245 2. At retirement, what benefit formula applies to the credit of a person enumerated in R.S. 13:13 for military service?
3. What constitutes ‘base pay’ upon which the computation for contributions is made for persons seeking credit under Act 769?
“In 1976, the Louisiana Legislature first adopted a contributory retirement plan for judges and officers of the court.[2] It did so by enacting Act 518 of 1976, which is presently found in R.S. 13:11, et seq. Section 11 authorizes judges and officers of the court to become members of the Louisiana State Employees’ Retirement System. However, the employee contribution to the System is fixed at the regular employee contribution required by law to be paid into the System (7% — R.S. 42:651), plus an additional amount of 4% (R.S. 13:18), bringing the total amount of employee contribution for such members to 11%. By the same token, judges and court officers receive an additional retirement benefit of 1% (R.S. 13:15), which, together with the regular benefit of <£k% (R.S. 42:575), results in a total benefit for such members of Zlh%. The Retirement Plan for Judges and Officers of the Court therefore is governed by the specific provisions contained in R.S. 13:11 et seq., and the general provisions of Chapter 10 of Title 42 of the Louisiana Revised Statutes, relative to the Louisiana State Employees’ Retirement System. A clear interpretation of how these widely separated statutory provisions relate to each other is found in Moise v. La. State Employees’ Retirement System, 366 So.2d 1054 (La.App. 1st Cir.1978), writ denied 368 So.2d at 124.
“In Moise, plaintiff contended he could retire upon satisfying the eligibility requirements of R.S. 42:571 and have the survival benefits specified in R.S. 13:20. Plaintiff did not meet the eligibility requirements for retirement as provided for in R.S. 13:16, but did meet the eligibility requirements of R.S. 42:571(A)(3). Plaintiff cited R.S. 13:14 which provided that by exercising his option to become a member of the system, he availed himself of all the benefits, emoluments, and conditions of the system (R.S. 42:541 through R.S. 42:699) and of all benefits, emoluments and conditions included in R.S. 13:11, et seq. The court, deciding in plaintiff’s favor, relied upon both R.S. 13:14 and R.S. 13:24 (providing for the immediate vesting of all benefits of the system ‘and also with the additional benefits provided by this part.’) (Emphasis added.) It stated:
‘In La.R.S. 13:24 and in La.R.S. 13:14 the language clearly states what rights a person covered by La.R.S. 13:11-26 receives. They receive the benefits, emoluments, and conditions of Title 42 and the benefits, emoluments and conditions of the Retirement Plan for Judges and Officers of the Court. The use of the conjunctive “and” indicates that it was the express intention of the legislature in creating the Retirement Plan for Judges and Officers of the Court to allow those persons eligible under La.R.S. 13:13 and who elect to join the Louisiana State Employees’ Retirement System to receive the maximum in benefits.’
[[Image here]]
‘The best combination of both systems, the Louisiana State Employees’ Retirement System and the Retirement Plan for Judges and Officers of the Court, is available to plaintiff-appellee. We find that by the enactment of the Retirement Plan for Judges and Officers of the Court, the legislature provided for a combination of retirement eligibility requirements and a combination of retirement benefits.’
(366 So.2d at 1058)
“With the above in mind, it is appropriate to look at the specific provisions of Act 769 *246 of 1982 as found in R.S. 42:697.11B [R.S. 42:697.11 B]. Insofar as payment for the purchase of military service is concerned, that Section provides:
‘* * * In or(jer ⅛, obtain such credit the member shall pay into the system an amount equal to the current employer and employee contributions based on the member’s average base pay for the first thirty-six successive months of credited service in the applicable system * * *. The employer may pay the employer contributions * * *.’
“A survey of the statutes governing the fourteen retirement systems listed in the Act discloses that for a general member of the systems, the employee contribution rate ranges from 5% to 11%. For a member of the Louisiana State Employees’ Retirement System only, the rate ranges from 7% to 11%. The system, rate and statutory references are as follows:
Rate Statutory Reference System
7% R.S. 40:1423 State Police Pension and Relief Fund
R.S. 17:982 Louisiana School Employees’ Retirement System -3
Louisiana School Lunch Employees Retirement System
R.S. 17:1265 Plan A co > — 1 ¾⅝
R.S. 17:1275 Plan B cn ^
R.S. 17:692 Teachers’ Retirement System of Louisiana —3 ^
R.S. 47:1915 Assessors' Retirement Fund —3 ^
R.S. 13:933 Clerk of Court Retirement and Relief Fund -0 ^
R.S. 16:1031E District Attorneys’ Retirement System -o ¾⅞
Municipal Employees’ Retirement System of Louisiana
R.S. 33:7236 Plan A to en
R.S. 33:7276 Plan B en
R.S. 33:2380 Municipal Police Employees’ Retirement
R.S. 33:2160 Firefighters’ Retirement System
Parochial Employees’ Retirement System of Louisiana
R.S. 33:6156 Plan A CO CO CR
R.S. 33:6176 Plan B OI
R.S. 18:1832 Registrar of Voters Employees’ Retirement System CO
R.S. 33:1453 Sheriff’s Pension and Relief Fund 00
Louisiana State Employees’ Retirement System
R.S. 42:651 General Member t—
7% per R.S. 42:651 Legislator rH
+4% per R.S. 24:36E
9% 7% per R.S. 42:651 Certain Legislative Employees
+2% per R.S. 24:36E
8.5% 7% of R.S. 42:651 Certain Employees of the Department of Corrections
+ 1.5% of R.S. 42:651(3)
8% 7% of R.S. 42:651 Certain Wildlife Enforcement Agents
+ 1% of R.S. 42:651(3)
11% 7% per R.S. 42:651 Judges and Court Officers
+4% per R.S. 13:18
“In the case of judges and court officers, it is clear that the current employee contribution is 11% — the 7% required under R.S. 42:651 and the additional 4% required under R.S. 13:18. The language of the statute is clear and unambiguous. *247 Had the Legislature intended that the employee contribution for judges and court officers be restricted to only the 7% provided for nonjudicial members of the System, it could easily have so provided. It did not do so. In fact, it simultaneously repealed R.S. 42:565, relating to credit for military service, which called for the System’s ‘current employee contributions’; and which, when read in pari materia with R.S. 42:575, equated to a benefit of 2V2% per year. As above noted, Act 769 of 1982 falls outside the statutes relating only to the Louisiana State Employees’ Retirement System and encompasses a total of fourteen retirement systems. The repeal of R.S. 42:565, as well as the repeal of similar provisions in laws pertaining to other systems, signals a clear legislative intent to apply both the contribution provisions of each individual retirement system and the contribution provisions of special laws pertaining to certain members of a system. This includes R.S. 13:18, applying to judges and court officers. In other words, the contribution is based upon what the individual member contributes, not what is required generally in a particular system.
“Defendants contend the additional employee contribution rate set forth in R.S. 13:18 applies by its own terms only to ‘service as a judge or as a court officer.’ What R.S. 13:18 actually does is set forth a formula for the additional contribution. It is ‘four percent of all salary or compensation received by him for service as a judge or as a court officer, regardless of the source of such salary or compensation.’ This relates solely to the amount of the contribution required of a judge, the basis upon which it is computed. It has nothing to do with any benefit or type of creditable service. In simple terms, it sets forth the current employee contributions called for by Act 769 of 1982, i.e., ‘the regular employee contribution’ and, in addition, ‘four percent of all salary or compensation received ... for service as a judge ...’
“It is therefore the opinion of this Court that with respect to purchase of military credit by judges and officers of the court the amount (rate) of the current employee contribution is 11%.
“Insofar as the proper calculation of the retirement benefit for judges and court officers with reference to the military time purchased is concerned, the question is whether such years are to be treated as years of service as a judge or court officer within the meaning of R.S. 13:15. Unfortunately, the Act does not specifically address this point. At the outset, it must be remembered that military service time is not service as a State employee, but is rather service for which the Legislature has determined that credit shall be obtainable by purchase. The purchase amount is based upon the pay for the first thirty-six months of credited service in the applicable system, which might or might not have been for judicial service. But for the difference in the contribution rate required of judges and court officers and the additional benefit provided for such officers, the question would not arise. Insofar as the other members of the Louisiana State Employees’ Retirement System are concerned, it is clear that the military service years are creditable years and that such nonjudicial members therefore get full benefit for those years under the provisions of R.S. 42:575, which bases the benefit upon years of creditable service, without regard to where or when earned.
“In those systems where the benefit rate is the same for all years of creditable service no problem arises. For example, the benefit for a general member of the Louisiana State Employees’ Retirement System is 2½% per year of creditable service (R.S. 42:575), as it is for a member of the Louisiana School Employees’ Retirement System (R.S. 17:913). For a member of the Firefighters’ Retirement System, the benefit is 3% times the years of creditable service (R.S. 33:2155), as it is for a member of the Assessors’ Retirement Fund (R.S. 47:1918F), members of the Clerks of Court Retirement and Relief Fund (R.S. 13:936), and the District Attorneys’ Retirement System (R.S. 16:1042).
*248 “However, in the case of members of the Municipal Employees’ Retirement System of Louisiana, the rate of employee contribution to members of Plan A in that system is 9.25% (R.S. 33:7236) and the benefit is three times the years of creditable service (R.S. 33:7232), while the rate of employee contribution to members of Plan B is 5% (R.S. 33:7276) and the benefit is 2% times the years of credited service (R.S. 33:7272). The same percentages apply to members of the Parochial Employees’ Retirement System of Louisiana under the provisions of R.S. 33:6156, 6152, 6176 and 6172, respectively. With respect to certain members of the Louisiana State Employees’ Retirement System, the same problem exists. A legislative member of the System is entitled to an additional 1% benefit on retirement (R.S. 24:36A [R.S. 24:36 A]), as are certain legislative employees who are members of the System under the same section. A judge or court officer is entitled to an additional 1% benefit on retirement (R.S. 13:15). Wildlife Enforcement Agents are entitled to varying benefits based on the numbers of years of service (R.S. 56:682).
“Act 769 of 1982 is silent as to how one determines the benefit in all of these cases. This Court believes the only equitable, and logical solution is to determine the benefit rate by considering the contribution made, as we noted above. Military service time is not service as a State employee. It is rather service for which the Legislature has determined that credit may be obtained, by purchase. The basis for obtaining such credit has differed from time to time. With reference to military service performed by a System member between May 1, 1940, and September 1, 1950, the Legislature determined that the credit would be afforded without any cost whatsoever (R.S. 42:575A [R.S. 42:575 A], as amended through 1964). For a different period of time it could be purchased on the basis of compensation being earned immediately prior to entry into the service (R.S. 42:575B [R.S. 42:575 B], as amended through 1964). In the current case, the Legislature has required purchase based on the base pay of the purchaser during the first 36 months of credited service in the applicable system (R.S. 42:697.11B [R.S. 42:697.11 B]). If the military service credit is not to be used for determining the benefit, its value to an employee would be severely limited. It cannot be used for acquiring eligibility for disability or survivors’ benefits, it cannot be used to meet the minimum eligibility requirement for any regular retirement of less that 20 years, and it cannot be used as the highest 36 months in computing the average compensation for retirement benefits (R.S. 42:697.-11F, G [R.S. 42:697.11 F, G]). To require a person to purchase military time at a high rate and allow him benefits credit at a low rate would run counter to the entire concept of an aetuarially sound system. The sole purpose for requiring the additional 4% contribution by judges and court officers is to pay for the extra 1% benefit afforded such members. This is in keeping with the actuarial principles upon which the system is based.
“Defendants argue plaintiffs are entitled to different benefit rates for different types of credit. Given the above background and keeping in mind the extra 4% contribution required of the persons enumerated in R.S. 13:13, this court believes the actuarial nature of the system requires different benefit rates for different types of contribution, not different types of credit.
“Defendants argue also that the additional benefit of 1% established by R.S. 13:15 applies by its own terms only to ‘the number of years of service as a judge or court officer ... ’ This begs the question. Every person in every retirement system must possess a status qualifying him or her to be a member of that system. But for the plaintiffs in this case being judges first, they would not be seeking the additional benefit for military service. Once the military service is credited, it then becomes service as a judge. It can be nothing else.
“It is the opinion of the Court that the 3V2% benefit formula applies to the military *249 service credit purchased by judges and court officers.
“The final question for determination involves the meaning of the words ‘average base pay’ as used in Act 769. The Act does not define ‘base pay.’ However, insofar as members of the Louisiana State Employees’ Retirement System are concerned, ‘base pay’ is defined in R.S. 42:543(6) as follows:
‘(6) “Base pay” means prescribed compensation for a specific position on a full-time basis, but does not include overtime, per diem, differential pay, payment in kind, premium pay, or any other allowance for expense authorized and incurred as an incident to employment, except for supplemental pay for certain members as provided by Article X, Section 10(A)(1) of the Louisiana Constitution of 1974.’
“There is no provision in R.S. 13:11, et seq., in conflict with this definition, and that definition would therefore be applicable to the Retirement Plan for Judges and Court Officers under the specific provision of R.S. 13:26. A plausible argument can be made since the Legislature provided that supplemental pay received by certain law enforcement officers was included in base pay, it therefore meant to exclude all other supplemental pay. However, given the expressed intention of the Legislature to make the retirement systems fiscally sound, the Court believes that the more logical interpretation is that the Legislature intended to include all normal compensation earned by a member. For that reason, the Court finds that ‘base pay’ includes all compensation received from any governmental entity by a judge or court officer without regard to whether the payment of such compensation was mandatory or voluntary.”
Finding the above decision and supporting reasons to be sound, we affirm the trial court’s judgment, at appellant’s costs in the amount of $227.09.
AFFIRMED.
APPENDIX
Act 769 of 1982, Regular Session, reads as follows:
AN ACT
To repeal R.S. 13:936(E) and R.S. 13:943, R.S. 16:1034, R.S. 17:600.2, R.S. 17:904, R.S. 17:1249(A)(3), R.S. 18:1704, R.S. 33:1456(F), R.S. 33:2154(B), R.S. 33:2374(D), R.S. 33:6124(A)(3), and R.S. 33:7194(A)(3), R.S. 40:1427(B), R.S. 42:565, R.S. 47:1918(E)(2), (3), to enact R.S. 42:697.11, and to amend and reenact R.S. 42:697.10(A), to make uniform the military service credit provisions of all public state, parochial, and municipal retirement systems established by state law, to make uniform the purchase of military service for state and statewide retirement systems, and otherwise to provide with respect thereto.
Notice of intention to introduce this Act has been published as required by Article X, Section 29(C) of the Constitution of Louisiana.
Be it enacted by the Legislature of Louisiana:
Section 1. R.S. 42:697.11 is hereby enacted to read as follows:
§ 697.11. Credit for military service; state and statewide retirement systems; purchase; limitations
A. Notwithstanding any other provisions of law to the contrary, the provisions of this Section shall be applicable to all members of the following public retirement systems who rendered military service pri- or to January 1, 1982: Louisiana State Employees’ Retirement System, State Police Pension and Relief Fund, Louisiana School Employees’ Retirement System, Louisiana School Lunch Employees’ Retirement System, Teachers’ Retirement System of Louisiana, Assessors’ Retirement Fund, Clerks’ of Court Retirement and Relief Fund, District Attorneys’ Retirement System, Municipal Employees’ Retirement System of Louisiana, Municipal Police Employees’ Retirement System, Firefighters’ Retirment * System, Parochial Employees’ Retirement *250 System of Louisiana, Registrar of Voters Employees’ Retirement System, and Sheriffs’ Pension and Relief Fund.
B. Any member who has at least eighteen months of creditable service in a retirement system enumerated in Subsection A of this Section shall be entitled to purchase up to four years of military service credit, provided all service was rendered prior to January 1, 1982, and provided application is filed with the retirement system, together with proof of the inclusive dates of military service performed. In order to obtain such credit the member shall pay into the system an amount equal to the current employer and employee contributions based on the member’s average base pay for the first thirty-six successive months of credited service in the applicable system plus five percent compound interest per year from the date the member joined the system until paid. The amount to be paid shall be paid in one lump sum or in such installments as shall be agreed upon by the member and the board of trustees, but all such payments shall be paid in full within three years after the date of any application for such service; provided however, all such military service shall be purchased on or before January 1, 1986. The employer may pay the employer contributions and interest thereon. Members of systems who do not have the employer contributions provided for as a percentage of payroll or salary shall pay twice the employee contributions.
C. No member shall receive more than four years of total military service credit under any provision of law. No member shall be entitled to purchase military service credit unless he has been honorably released from service.
D. No credit for military service shall be given for service in any state national guard or in the reserve forces of the United States, or for any service for which a member is drawing a benefit based on military service.
E. There shall be no duplication of credit for military service, and no member shall be entitled to purchase or receive credit for military service pursuant to this Section if he has previously received credit for such in any other public retirement system or pension fund, including any retirement plan for members of the armed forces of the United States, from which plan the member is drawing a regular retirement benefit, based on age and service.
F. Military service shall not be used for purposes of acquiring eligibility for disability or survivor’s benefits, and shall only be used for purposes of acquiring eligibility for normal retirement benefits; however, in those systems which authorize retirement with twenty or more years of service at any age, or twenty or more years service at age fifty, military service credit shall not be computed until after the completion of twenty full years of service. In addition, such military service credit cannot be used to meet the minimum eligibility requirement of any regular retirement of less than twenty years.
G. Military service credit shall not be used as the highest thirty-six successive months or the highest thirty-six successive joined months of employment where interruption of service occurred, in computing the average compensation for retirement benefit computation.
Section 2. R.S. 42:697.10(A) is hereby amended and reenacted to read as follows:
§ 697.10. Military service credit
A. The provisions of this Section are applicable to persons who become members of the public retirement systems listed in Subsection B of this Section after January, 1982.
* * * * * *
Section 3. All laws or parts of laws in conflict herewith are hereby repealed and R.S. 13:936(E), R.S. 13:943, R.S. 16:1034, R.S. 17:600.2, R.S. 17:904, R.S. 17:1249(A)(3), R.S. 18:1704, R.S. 33:1456(F), R.S. 33:2154(B), R.S. 33:2374(D), R.S. 33:6124(A)(3), R.S. 33:7194(A)(3), R.S. 40:1427(B), R.S. 42:565, and R.S. 47:1918(E)(2) and (3) are hereby specifically repealed.
*251 Section 4. If any provision or item of this Act or the application thereof is held invalid, scuh * invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.
Approved .by the Governor: August 2, 1982.

. The Honorables: Richard P. Boyd, Jr., Wil-more J. Broussard, Jr., Burrell J. Carter, Jules L. Davidson, Jr., Leon Ford, III, Walter I. Lanier, Jr., Cleveland J. Marcel, Sr., Paul A. Newell, John S. Pickett, Jr., Eddie L. Sapir, Louis P. Trent, O.L. Waltman, Jr., Darrell D. White.

. Prior to the enactment of R.S. 13:11 et seq., the only retirement system for judges in Louisiana was found in the Louisiana Constitution of 1921, Article 7, Section 8. (For a more comprehensive review of this history, see Trent v. State, 400 So.2d 1178, writ denied 404 So.2d 279).

 As it appears in the enrolled bill.