Dear Judge Scott:
You have requested an opinion from this office regarding the emergency promulgation of rules by the Board of Trustees of the Louisiana State Employees' Retirement System (LASERS) for Act 1063 of the 1991 Regular Session. You indicate that several provisions of the LASERS board rules are in direct conflict with Act 1063 and with the Deferred Retirement Option Plan (DROP). Specifically, your three areas of concern are as follows:
 (1) Whether LASERS board rule for calculating benefits "is wrong when it uses `the average highest 36 months'", and whether this rule is thus in conflict with Act 1063;
 (2) Whether the employee contributions stop once a judge's percentage of pay equals 100%; and
 (3) Whether the LASERS board rules are correct in providing that these statutory provisions are outside the regular retirement program, and that judges retiring under these provisions are therefore NOT eligible for participation in DROP.
Act 74 of 1991 redesignated under Title 11 certain sections of Titles 13 and 42; however, for the purpose of this opinion, the old Title and Section designations have been retained.
1. Calculation of Benefits
Act 1063 amended LSA-R.S. 13:16 (A)(5) to provide, in pertinent part, as follows:
 The judge shall receive as a base annual benefit that proportion of his annual judicial pay, as it exists on the date of his retirement, which his number of years served on a court of record bears to twenty-five. As a supplemental benefit, a judge covered by R.S. 13:30 shall receive a sum equal to three and one-half percent of his annual judicial pay, as it exists on the date of his retirement, for each year, not to exceed four years, that he served in the armed forces of the United States, a sum equal to three and one-half percent of such pay for each year that he served as a member of the legislature of this state, and a sum equal to two and one-half percent of such pay for each year that he served in a prosecutorial capacity with an office of district attorney or any other political subdivision or agency of this state. As a supplemental benefit, a judge covered by the provisions of this Part shall receive a sum equal to what would otherwise be payable to him, as a retirement benefit by the Louisiana State Employees' Retirement System, assuming he was otherwise eligible for retirement thereunder, disregarding any age and years of service requirements, on account of his service in the armed forces of the United States, his service as a member of the legislature of this state, and his service rendered in a prosecutorial capacity with an office of district attorney or any other political subdivision or agency of this state, provided credit and benefits relative thereto are established in accordance with the otherwise applicable laws concerning same governing the Louisiana State Employees' Retirement System. (Emphasis added.)
Paragraph four of the LASERS board rule acknowledges that the benefit structure provided for in Act 1063 replaces the benefit structure established in R.S. 42:575 and 13:15. The rule further recognizes that the calculation of the base benefit for judges retiring under Act 1063 utilizes the judges "annual judicial pay, as it exists on the date of his retirement." That paragraph also indicates that the base benefit is "equal to 4% of judicial pay instead of 3.5% of the average highest 36 months . . ."
It is our opinion that the LASERS Board rule with regard to the base benefit is in accordance with Act 1063.
With regard to supplemental benefits under Act 1063, for judges covered by the provisions of "this part" (R.S. 13:11, et seq.), that is, judges within the Louisiana State Employees' Retirement System, their supplemental benefit is that which would "otherwise be payable . . . as a retirement benefit by the Louisiana State Employees' Retirement System."
As used in Act 1063 (LSA-R.S. 13:16 A. (5)(a)), the phrases "otherwise payable to him, as a retirement benefit" and "otherwise applicable laws concerning same" refer to the benefit ordinarily received by a retiring judge who is a member of the Louisiana State Employees' Retirement System.
Under the provisions of LSA-R.S. 13:16 D., "average compensation" means:
 [T]he average annual earned compensation . . . for any three years of creditable service during which such earned compensation was the highest."
The benefit received by judges who retire within the Louisiana State Employees' Retirement System is ordinarily calculated on the judge's average annual earned compensation for the three highest years of creditable service. LSA-R.S. 13:15, 13:16 D. and 42:575.
In paragraph five, the LASERS Board rule uses the phrase "final average compensation" in calculating supplemental benefits. Assuming that this phrase means average annual earned compensation for the three highest years of creditable service, as provided for in LSA-R.S. 13:16 D., it is our opinion that the LASERS Board rule concerning supplemental benefits for judges covered by R.S. 13:11, et seq. is not in conflict with Act 1063.
Rep. James J. Donelon was the author of Act 1063. In his August 21, 1991 letter to Judge Scott, Rep. Donelon indicates that the language in the Act concerning the supplemental benefit for judges covered by "this part", was inserted into the Act to address the procedure by which a judge could purchase other eligible time for retirement purposes. Rep. Donelon continues that the calculation of the supplemental benefit was intended to be made on the same basis as that for the "base annual benefit provided for in Act 1063 [rather than on a] second base benefit which would be calculated on `an average compensation basis'". While this may have been Rep. Donelon's intention, the wording of Act 1063 seems to be otherwise.
2. Termination of Employee Contributions Once a Judge Reaches 100%
LSA-R.S. 13:16 C provides as follows:
 C. The retirement benefits provided by this Part shall not exceed the limitation provided in R.S. 42:575(B). When a member has earned benefits equal to one hundred percent of his average compensation, no further contribution shall be required of him. The state, its agencies and political subdivisions shall continue to pay to the system the employer's contribution. (Emphasis added).
Since the retirement plan provided for in Act 1063 is in the same Part (LSA-R.S. 13:11, et seq.) as the above statute, it is our opinion that the employee contributions stop once a judge's percentage of retirement pay equals 100%.
3. Judge's Eligibility for DROP
The last paragraph of the LASERS board rules provides that, "[s]ince this is not a regular retirement program, judges retiring under these provisions are not eligible for participation in the deferred retirement option plan.
With respect to eligibility for DROP, LSA-R.S. 42:578.1 A. provides as follows:
 A. In lieu of terminating employment and accepting a retirement allowance, any member of this system [Louisiana State Employees' Retirement System] who has been eligible for regular retirement for at least one year may elect to participate in the deferred retirement option plan.
LSA-R.S. 13:11, which was added in 1976, provides as follows:
 Anything in R.S. 42:553 to the contrary notwithstanding, the judges and court officers set forth in Section 13 of this Part shall be eligible to become members of the Louisiana State Employees' Retirement System and obtain credit in and transfer credit to said system, as set forth herein, if the option hereinafter granted is exercised within the time hereinafter set forth.
LSA-R.S. 13:11 was amended in 1983 and now provides as follows:
 Notwithstanding anything in R.S. 42:553 to the contrary, except for R.S. 42:553(7) which is specifically applicable, the judges and court officers set forth in R.S. 13:13 who take office on and after July 1, 1983 shall become members of the Louisiana State Employees' Retirement System and be eligible to obtain credit in and transfer credit to the system, as set forth herein. Judges and court officers in office prior to July 1, 1983 shall continue to be governed by the law applicable to them prior to July 1, 1983. (emphasis added)
Pursuant to LSA-R.S. 13:11 and 13:13, judges or court officers may be members of the Louisiana State Employees' Retirement System. Further, it is our opinion that judges or court officers who are members of that system may choose the benefits most advantageous to them which are provided for in Titles 13 and 42.
Although not specifically concerned with DROP, the case of Moise v. Louisiana State Employees' Retirement System, 366 So.2d 1054 (La.App. 1st Cir. 1978), writ denied, 368 So.2d 124 (La. 1979), 1058, provides guidance in this area. In Moise, the court stated that:
 . . . a person . . . can retire under La. R.S. 42:571 and receive the benefits of La. R.S. 13:20. The reverse is also true; a person covered by the Retirement Plan for Judges and Officers of the Court could retire under La. R.S. 13:16 and . . . receive benefits as provided in Title 42, if they are more advantageous than those otherwise afforded. The best combination of both systems, the Louisiana State Employees' Retirement System and the Retirement Plan for Judges and Officers of the Court, is available. . . . We find that by the enactment of the Retirement Plan for Judges and Officers of the Court, the legislature provided for a combination of retirement eligibility requirements and a combination of retirement benefits.
It is our opinion that Act 1063 is not, as such, an "early retirement incentive or similar plan." It is our further opinion that Act 1063 is an amendment to the regular retirement system for judges, which is provided for in Titles 13 and 42, and that Act 1063 merely allows judges, who are affected by specific Federal action concerning the judge's judicial district, to retire, whereas they would otherwise be unable to do so. Thus, in our opinion, retirement by a judge under Act 1063 is not excluded from being "regular retirement".
Therefore, it is our opinion that judges who are members of the Louisiana State Employees' Retirement System, and who are or have been eligible for regular retirement for at least one year, cannot be prohibited by the LASERS rules from electing to participate in DROP. To the extent that the LASERS rules prohibit this, they violate the provisions of Titles 13 and 42.
In his August 21, 1991 letter to Judge Scott, Rep. Donelon further indicates that Act 1063 was "in no way" intended to deny to any affected judge participation in DROP. Rep. Donelon also states that that issue never came up during its passage.
Trusting this to be sufficient for your purposes, I am,
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
NWE/vs-0493l