WATKINS, Judge.
This is an appeal by the Louisiana State Employees’ Retirement System from a judgment in favor of the surviving spouse of a former state judge. The trial court has provided us with articulate reasons for judgment which we adopt as our own decision on the issues raised by the appellant.
Additionally, the plaintiff, Mrs. Earl E. Veron, answered the appeal, claiming entitlement to attorney’s fees because the appeal was not taken in “good faith.” However, because the argument of the appellant is grounded on numerous cases involving the issue of vested rights, we cannot say that the argument was not made in good faith. Damages for frivolous appeal are not appropriate where there is no indication that the appeal was taken solely for the purpose of delay or where the appellant raises legitimate issues as to the applicable law. LSA-C.C.P. art. 2164; Fisk v. Mathews, 525 So.2d 223 (La.App. 1st Cir.1988). We conclude that appellee is not entitled to attorney’s fees for frivolous appeal pursuant to the pertinent articles of the Louisiana Code of Civil Procedure.
Accordingly, we affirm the judgment of the trial court, and we cast appellant for all costs of this appeal, in the amount of $254.12.
AFFIRMED.
WRITTEN REASONS FOR JUDGMENT
This matter came before the court on August 23, 1991, on petition for writ of mandamus. Counsel for both parties were present in court and oral argument was held.
The facts in this case are not in dispute. Plaintiff is the widow of the late Judge Earl Veron who served as a state court district judge from November 16, 1967 until August 12, 1977. Judge Veron left the state court bench to serve as federal district judge for the Western District of Louisiana, in which capacity he served until his death on August 28, 1990.
Prior to 1976, state judges were governed by the retirement provisions of R.S. 13:11 et seq. In that year the legislature passed Act 518 which gave judges in office the option to become a member of the Louisiana State Employees’ Retirement System.[1] Judge Veron elected to transfer to the new system in 1976. At the time Judge Veron left the state bench in 1977, survivor benefits for spouses of deceased *984 judges who had elected into the Louisiana State Employees’ Retirement System were to be “not less than one-third of the salary ... which was being paid to the deceased person at the time of death or retirement ...” R.S. 13:20.[2] In 1978, the statute was amended to add a twenty year service requirement for those who retire at 50 years of age or twelve years of service for those retiring at age 55 in order for the surviv- or’s benefits to be paid. At the time Judge Veron left state office he was 55 years old and had served almost 10 years.
The issue before the court is whether the right to survivor benefits provided in R.S. 13:20 had vested at the time Act 533 of 1978 was passed.
Plaintiff argues that at the time Judge Veron elected to become a member of the Louisiana State Employees’ Retirement System, the right to survivor’s benefits vested under La.R.S. 13:24[3] and the 1978 amendment adding the years of service requirement can not be applied retroactively to deprive his widow of those benefits. Plaintiff relies on Moise v. Louisiana State Employees’ Retirement System[4] as authority for her position that the 1978 legislation cannot be applied retroactively to divest retirement benefits as such would be violative of Article 1, Section 23 of the Louisiana Constitution.[5]
The thrust of defendant’s argument is that Judge Veron was not eligible for retirement under either La.R.S. 13:16 or La. R.S. 42:571 at the time he left state office. Since he was not eligible to “retire”, his rights to retirement benefits had not vested under R.S. 42:543(33).[6] Thus, requirements of his conditions of service and right to benefits could be modified by subsequent legislation to his prejudice.
Defendant distinguishes Moise, supra, because the plaintiff in that case was eligible to retire under Title 42 and the issue was whether the 1978 act could be applied retroactively to require him to meet the eligibility requirements of R.S. 13:16. According to defendant, plaintiff’s rights as a survivor could vest only at the death of her husband. During oral argument, defense counsel stressed that had Judge Veron died prior to the enactment of the 1978 legislation, plaintiff would have been eligible for survivor benefits.
This court finds that once the late Judge Veron elected to become a member of the Louisiana State Employees’ Retirement System, the right to survivor benefits im *985 mediately vested pursuant to R.S. 13:24. The First Circuit in Moise, supra, expressly refuted defendant’s argument that the definition of “vested right” contained in R.S. 42:543(33) applied to one covered under the provisions of Title 13 who elected to become a member of the state system prior to the 1978 act.[7]
*984 Any person covered by this part who elects to become a member of the Louisiana State Employees’ Retirement System shall be immediately vested with all benefits, emoluments, and conditions of the system and also with the additional benefits provided by this part.
*985 Moise, supra, was a suit brought by a judicial administrator seeking declaratory judgment that he could retire under the provisions of R.S. 42:571 and have survivor benefits under R.S. 13:20(A). Like the late Judge Yeron, the plaintiff in Moise opted into the Louisiana State Employees’ Retirement System prior to the 1978 act which in addition to imposing a years of service requirement provided that survivor benefits do not apply to those retiring under the provisions of Title 42. The First Circuit held that at the time Moise elected to become a member of the state system, he was vested with all benefits, including survivor benefits, of both systems under R.S. 13:24. Act 533 of 1978 could not be applied retroactively to deprive him of the vested benefits without violating Article 10, Section 29(B) of the Louisiana Constitution.
In the instant case, defendant readily admits that had Judge Yeron died prior to the 1978 amendment, Mrs. Veron would have been entitled to survivor benefits. At the hearing on this matter, counsel for defendant stated:
... Had Judge Veron departed this world before the change in the rules, she would have become eligible, and whether she elected to receive those or not, that law could never have changed that.... [8]
Counsel answered affirmatively when questioned as to whether plaintiff would have been eligible for benefits had the legislature not passed Act 533 of 1978.
THE COURT: Well, let me ask you this, Mr. Johnson: Had the 1978 statute not been passed changing the eligibility requirements of Mrs. Veron, would she have received those?
MR. JOHNSON: Certainly.[9]
The right to survivor benefits was vested under R.S. 13:24 with no condition of age or years of service. Under Moise, the legislature cannot act to retroactively deny Mrs. Veron vested benefits.
Therefore, the. writ of mandamus is granted and the state, through the Louisiana State Employees Retirement System is hereby ordered to begin paying plaintiff the survivor benefit in an amount not less than one-third of the salary Judge Veron was receiving at the time of his departure from state office. The defendant is further ordered to make the benefits retroactive.
Baton Rouge, Louisiana, this 26 day of September, 1991.

. La.R.S. 42:541.

.That statute provides in full:
A. Benefits for the surviving spouse, minor children, and handicapped or mentally retarded children of any deceased person enumerated in R.S. 13:13 who has elected to become a Member of the Louisiana State Employees Retirement System shall be paid in accordance with the provisions of law applicable to survivors of members of the system; however, the benefits paid to any such surviving spouse shall not be less than one-third of the salary or compensation which was being paid to the deceased person at the time of death or retirement or an amount equal to one-half of the retirement pay which such person was entitled to receive or was receiving prior to his death, whichever is the greater. In addition, the minimum benefit for a surviving spouse shall be paid without regard to the number of years of creditable service accumulated in the system by the decedent.
B. Notwithstanding any other provision of law to the contrary, the provisions of this Section shall be applicable only to survivors of members actively serving in those positions provided for in R.S. 13:13 and survivors of those who have retired pursuant to R.S. 13:16. These provisions shall not apply to survivors of members who retire pursuant to R.S. 42:571 and R.S. 24:36C.
Part B was added by Act 533 of 1978.

. La.R.S. 13:24 provides:

. 366 So.2d 1054 (La.App. 1st Cir.1978), writ denied, 368 So.2d 124 (La.1979).

. Article 10, Section 29(B) of the 1974 Louisiana Constitution provides in part:
... Membership in any retirement system of the state or of a political subdivision thereof shall be a contractual relationship between employee and employer, and the state shall guarantee benefits payable to a member of a state retirement system or retiree or to his lawful beneficiary upon his death.

. "Vested right" means when a member obtains retirement eligibility as to age and service in accordance with the provisions of this Chapter.

. 366 So.2d at 1058.

. Transcript, p. 22.

. Transcript, p. 23.